JUDE G. GRAVOIS, Judge.
| ;>Intervenor/appellant, Craig J. Hattier, appeals a judgment that found his intervention in this interdiction proceeding, for payment of attorney’s fees and costs for legal services he allegedly provided to the interdict, James “Jackie” Galmiche, in 1994 and 1995, to have been abandoned under LSA-C.C.P. art. 561. On appeal, Mr. Hat-tier argues that Article 561 should be liberally construed to maintain his suit. He further argues that discovery that he propounded in 2002, 2005, and 2008, which challenged the qualifications of Jackie’s limited curatrix, were steps in the prosecution of his action for attorney’s fees and costs. He further argues that a 1999 Protective Order prevented his “abandonment time” from commencing to run. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

The interdiction proceeding and Mr. Hattier’s intervention therein have a long and complicated procedural history both in the trial court and with this Court, |sthe pertinent parts of which are discussed here. In June of 1994, after noticing that Jackie was spending more money than usual, Mrs. Doris Galmiche Nethery, Jackie’s sister (“Doris”), petitioned the court to interdict her 62-year old brother on the grounds that he had diminished mental capacity that left him unable to care for his financial affairs and that also made him susceptible to influence by others to his detriment, particularly the influence of the Wood family, to whose house Jackie had moved' in 1993 after leaving Doris’ home where he had resided for many years. A judgment granting a limited interdiction with Doris as limited curatrix over Jackie’s property, financial, and business affairs was rendered on September 7, 1995 but was made retroactive to the date of the filing of the petition for interdiction.[1] The judgment of interdiction further stated that “any and all expenses of the estate of the said interdict may be accepted or rejected by the said Curatrix.”
Prior to the petition for interdiction being filed, in February of 1994, Mr. Hattier, a relation of the Woods’, was allegedly engaged by Jackie to perform various legal services, including seeking the return of various funds from Doris and an accounting of his property and income from Doris. Jackie also granted Mr. Hattier a power of attorney, as evidenced by pleadings and exhibits in this record. Mr. Hattier filed various motions in the interdiction proceeding in 1995 and 1998 seeking payment of attorney’s fees and costs incurred for legal services he allegedly performed for Jackie.[2] Mr. Hattier asserted that Doris *473 rejected and refused to pay his claims for attorney’s fees and costs.
Thereafter, Mr. Hattier filed, in the interdiction proceeding, a petition for intervention seeking to collect the attorney’s fees and costs for legal services allegedly performed for Jackie from February 9, 1994 to May 29, 1995. This 14petition was allegedly filed on or about July 30, 1998, though it does not appear in this designated record.[3]
Over the years, Mr. Hattier tried unsuccessfully to remove Doris as limited cura-trix, as evidenced by rules he filed in 1997 and 1998. In September of 1999, Mr. Hat-tier sought various discovery relative to his Rule to Remove Curatrix. Meanwhile, Doris filed a Petition to Expand Limited Interdiction. In response to the discovery requests, Doris in her capacity as curatrix filed an Ex Parte Rule for Protective Order and Motion to Reset. The trial court granted the ex parte Protective Order limiting discovery to the Petition to Expand Limited Interdiction and quashing any and all discovery which related to the Rule to Remove Curatrix. Meanwhile, the trial court rendered a judgment denying the Rule to Remove Curatrix sometime in 1999, which was affirmed on appeal by this Court on April 25, 2000.[4]
Jackie died in Mississippi on August 15, 2007, thus ending the interdiction proceeding. Doris died in January of 2009. On January 8, 2010, Mr. Hattier filed a First Supplemental and Amending Petition for Intervention, which, in addition to claiming entitlement to attorney’s fees and costs as asserted in the original petition, also sought damages against Doris and her estate under 42 U.S.C. § 1983.[5] On March 26, 2010, the executor for the Estate of Doris Galmiche Nethery[6] filed Exceptions of No Cause of Action, No Right of Action, Prescription and Abandonment and/or Laches seeking dismissal of the intervention.
1 f,Following a hearing on June 25, 2010, the trial court ruled from the bench, granting the Exception of Abandonment and dismissing the intervention. A written judgment to that effect was signed on July 6, 2010. Written reasons for judgment were also issued on July 6, 2010. This appeal followed.

ANALYSIS

LSA-C.C.P. art. 561 provides, in pertinent part:
A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
* * *
(3) This provision shall be operative without formal order, but, on ex *474 parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
[[Image here]]
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
In very thorough and articulate reasons for judgment, the trial court found that the discovery that Mr. Hattier propounded in 2002, 2005, and 2008 in the intervention was in violation of the Protective Order entered in this case in 1999 in that the discovery sought information relative to Doris’ qualifications to be curatrix. The trial court further found that the filing of said discovery did not constitute a step in the prosecution of Mr. Hattier’s claims as the discovery was not propounded with the purpose of bringing his action for attorney’s fees and costs to 1 (-judgment. Accordingly, the trial court found the propounded discovery to be without legal effect, and dismissed Mr. Hattier’s action as having been abandoned.
On appeal, Mr. Hattier argues that Article 561 should be liberally construed to maintain his suit. He further argues that his propounded discovery, which went to his argument that Doris was not qualified to be limited curatrix, was a step in his action for attorney’s fees and costs. He further argues that the 1999 Protective Order prevented his “abandonment time” from commencing to run.
No brief was filed by the Estate of Doris Galmiche Nethery or the executor thereof, as attorney therefor, Mr. William Dreher, was discharged prior to this appeal.
This being a designated record, there are matters and proceedings to which the trial court refers in its written reasons for judgment that are not found in this appellate record, though some of the pleadings are found in Mr. Hattier’s exhibits to his Opposition to Doris’ Exceptions that are the subject of this appeal. Thus, we rely on the trial judge’s written reasons to amplify the procedural history of the case as it appears in the designated record.
The trial judge’s reasons reflect, and the parties do not disagree, that on September 20, 1999, the trial court entered an ex parte Protective Order limiting discovery to the Petition to Expand Limited Interdiction and quashing any and all discovery which related to the Rule to Remove Cura-trix. The Rule to Remove Curatrix was denied and that ruling was affirmed on appeal, as noted above.
The trial judge noted that the Protective Order was never appealed, nor did Mr. Hattier ever move to lift it during Jackie and Doris’ lifetimes. This Court notes that the Protective Order did not prohibit Mr. Hattier from prosecuting his action for attorney’s fees and costs in any way. However, the discovery propounded by Mr. Hattier in 2002 and 2005, which is found in his exhibits, |7clearly seeks information regarding Doris’ qualifications to serve as curatrix, and does not seek any information relative to prosecuting his claim, for the payment of legal fees and costs.
Mr. Hattier argues that he chose to prosecute the claim for payment of legal fees and costs by challenging Doris’ quali *475 fications to serve as curatrix (while he admits that the trial court appointed Doris as curatrix, he has argued that she was unqualified in other respects). He argues that because Doris was not qualified to serve as curatrix, she had no lawful authority to oppose his intervention. Thus, he argues, his continued attacks upon her qualifications to serve as curatrix for Jackie were relevant to his claim that he was entitled to be paid attorneys fees and costs for representing Jackie in 1994 and 1995.
The trial court emphatically rejected such reasoning. This Court does likewise. The record fails to show that Mr. Hattier was in any way prevented by the Protective Order from pursuing his claim for attorney’s fees and costs, as he claims in brief, incorrectly characterizing the Protective Order as a “stay order.” Indeed, Mr. Hattier was able to and did propound discovery to Doris in 2002, 2005, and 2008, as evidenced by the exhibits attached to his Opposition to Doris’ Exceptions, for the purpose of prosecuting his claim. The trial court’s lengthy reasons for judgment further state that Mr. Hattier was apparently and repeatedly ordered by the trial court as far back as 1995 to present his claim for attorney’s fees and costs by way of a rule to show cause against the cura-trix, which was never done, Mr. Hattier admitting that he instead opted to pursue removal of Doris as curatrix prior to taking action on his claim for attorney’s fees and costs.
We find no manifest error in the trial court’s conclusions that Mr. Hattier did not seek lifting the Protective Order, nor did the Protective Order by its explicit terms prevent Mr. Hattier from prosecuting his claim for attorney’s fees and costs. |sIt was noted at the hearing that Mr. Hattier propounded this discovery in intervals of almost exactly two years and eleven months apart, apparently in an attempt to toll abandonment of his claims. Mr. Hattier also admitted that when the discovery went unanswered, he did not file motions to compel or seek any other process to actually obtain the requested discovery. We further find no manifest error in the trial court’s conclusion that the discovery actually propounded in 2002, 2005 and 2008 both violated the Protective Order, and further, after reviewing its substance, did not constitute a good faith step in the prosecution of Mr. Hattier’s claim for attorney’s fees and costs. As such, the trial court did not err in dismissing Mr. Hattier’s claims for attorney’s fees and costs as having been abandoned.

CONCLUSION

For the above reasons, we affirm the dismissal of Mr. Hattier’s claims for attorney’s fees and costs as having been abandoned.

AFFIRMED

. See the procedural history as related in Interdiction of Galmiche, 97-1112 (La.App. 5 Cir. 3/11/98), 708 So.2d 1244.

. The record shows that Mr. Hattier sought payment of over $38,000 in legal fees and over $4,000 in costs.

. The petition for intervention is not found in the record, but is attached as Exhibit 7 to Mr. Hattier's Opposition to the Exceptions filed on March 26, 2010, infra. The amending petition added 378 additional paragraphs, totaling 62 pages.

. In re: Interdiction of Galmiche, 99-1281 (La.App. 5 Cir. 4/25/00), 761 So.2d 833 (unpublished opinion).

. The amending petition also claims, in paragraph 39, that Mr. Hattier rendered professional services for Jackie for many years after the initial time period sought, such fees now totaling over $100,000, though there is no evidence thereof. The amending petition continues to attack Doris' qualifications as cura-trix, among other things, as now entitling him to damages.

.Also named as additional defendants-in-intervention are Doris Nethery Galmiche, individually and in her capacity as limited cu-ratrix for Jackie, and the Estate of Doris Galmiche Nethery, deceased.